IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BENTLEY M. JENKINS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:25-cv-1397-RP-ML |
| | § | |
| WARDEN, FCI BASTROP, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Before the Court is Petitioner Bentley Jenkins' ("Jenkins") Petition for Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1). Jenkins filed his petition on August 28, 2025. (*Id.*). He also filed one supplement to his petition on September 12, 2025. (Dkt. 6). Respondent Warden, FCI Bastrop ("Respondent") filed a Motion to Dismiss Jenkins' Petition on November 17, 2025. (Dkt. 8). Jenkins filed a Memorandum in Support of his Petition on December 11, 2025. (Dkt. 9). Respondent filed a Reply in Support of the Motion to Dismiss on December 18, 2025 (Dkt. 10). Jenkins filed a Reply in opposition to the Motion to Dismiss on January 12, 2026. (Dkt. 11). The case was referred to United States Magistrate Judge Mark Lane for findings and recommendations, pursuant to 28 U.S.C. § 636(b). Judge Lane filed his report and recommendation on June 18, 2026. (Dkt. 12). In his report and recommendation, Judge Lane recommends that the Court grant Respondent's Motion to Dismiss (Dkt. 8) and dismiss Jenkins's petition (Dkt. 1) because (1) although Jenkins asserts that there is a discrepancy between his PATTERN risk assessment score and his FSA recidivism risk assessment score, the determination of recidivism risk and PATTERN risk scores is entirely under the discretion of the Bureau of Prisons ("BOP") and the court finds no error in the BOP's methodology or calculations; and (2) Jenkins did not exhaust his administrative remedies with respect to his claim that he was disallowed 9 days of FSA time credits due to being transferred from

one facility to another. *Id.* at 4-5. Judge Lane further noted in his recommendation that, to the extent Jenkins seeks to accelerate his transition to a Residential Reentry Center ("RRC") or home confinement, the BOP has sole discretion to designate an inmate's place of confinement. *Id.* at 5. Jenkins filed objections to the report and recommendation on July 31, 2026. (Dkt. 14).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Although Jenkins' objections were not timely, the Court, in its discretion, will still consider Jenkins' objections given that he is in custody and receiving and sending filings through the postal service. Because Jenkins objected to the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules Jenkins' objections and adopts the report and recommendation as its own order.

Accordingly, **IT IS ORDERED** that the report and recommendation of United States Magistrate Judge Mark Lane, (Dkt. 12), is **ADOPTED**. Respondent's Motion to Dismiss, (Dkt. 8), is **GRANTED**, and Jenkins' Petition for Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), is **DISMISSED**.

**SIGNED** on September 23, 2026.



ROBERT PITMAN
UNITED STATES DISTRICT JUDGE